UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED

99 MAR 31 PM 1:39

U.S. DISTRICT COURT
N.D. OF ALABAMA

SCIENTIFIC MEDICAL DEVICES,
INC.,

       Plaintiff,

v.

BLUE CROSS AND BLUE SHIELD
OF ALABAMA,

       Defendant.

}
}
}
}
}
}
}
}
}
}
}
}
}
}

CASE NO. CV 97-B-1884-S

ENTERED

MAR 31 1999

## MEMORANDUM OPINION

Currently before the court is the Motion of defendant Blue Cross and Blue Shield of Alabama ("defendant" or "Blue Cross") to Dismiss or, in the Alternative, Motion for Summary Judgment and Motion to Strike Jury Demand. Also before the court is the Motion of plaintiff Scientific Medical Devices ("plaintiff" or "SMD") to Remand. At the conclusion of the hearing on the pending motions, the court informed counsel that it intended to grant Blue Cross's Motion to Dismiss or, in the alternative, Motion for Summary Judgment, deny SMD's Motion to Remand, as to the ERISA plan subscribers Jennie Brown, Billy Ray Chandler, and Ray Jenkins, and grant SMD's Motion to Remand as to the PEEHIP subscribers, Orvada Culver and Inez Smith. At the court's request, defendant's counsel provided a proposed memorandum opinion and order. The court recently reviewed the entire file, the memoranda of the parties, and the evidence submitted by defendant, and reached a contrary conclusion to that stated to the parties. For the reasons stated in this Opinion, the court is of the opinion that ERISA does not preempt plaintiff's claims and this action is due to be remanded to state court.

     Plaintiff originally filed a complaint in the Circuit Court for Jefferson County, Alabama, bringing claims against defendant for breach of contract, misrepresentation, and

tortious interference with business relations. Defendant timely removed the action to this court

pursuant to 28 U.S.C. § 1446(b), on the basis that plaintiff's claims are preempted by the

Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a).

Defendant now argues that plaintiff's claims are due to be dismissed on the grounds that a

portion of plaintiff's state law claims are preempted by ERISA, and that venue is improper in

this court for the remainder of plaintiff's state law claims. Plaintiff moves to remand,

contending that its state law claims are not preempted by ERISA and, therefore, removal was

improper.

FACTUAL SUMMARY

SMD is a durable medical equipment supplier that installs lymphedema pumps in the

homes of patients when prescribed by a physician. (Compl. ¶ 5-9.) SMD provided

lymphedema pumps to five patients who were participants or beneficiaries in group health

benefit plans administered by Blue Cross. (Compl. ¶ 11.) Three of these patients received

their benefits through ERISA-governed plans, while the remaining two patients were covered

under the Public Education Employee Health Insurance Program ("PEEHIP"). (Decl. of

Donna Blackwell ¶ 3.) PEEHIP was established by the State of Alabama to provide group

health benefits to public education employees of Alabama. ALA. CODE §§ 16-25A-1-1, *et seq.*

(1975).

SMD submitted claims for lymphedema pumps for these five patients to Blue Cross for

reimbursement under the applicable group health benefit plan. Blue Cross denied the claims

submitted on the patients on the basis that the medical records for these patients indicated that

they had edema related to conditions other than that of the lymphatic system and, therefore,

the lymphedema pumps did not meet the medical necessity requirements for coverage under

the respective plans.  (Decl. of William Hansford, M.D. ¶ 4.)

On June 18, 1997, SMD filed suit against Blue Cross in the Circuit Court for Jefferson County, Alabama utilizing state law theories of breach of contract, misrepresentation, and tortious interference with business relations.  Blue Cross timely removed the case to this court on July 23, 1997 and followed its removal notice with the Motion to Dismiss or, in the Alternative, Motion for Summary Judgment and Motion to Strike Jury Demand.  SMD then filed a Motion to Remand, contending that its claims are not preempted by ERISA because they are brought independently in SMD's capacity as a third-party provider and not derivatively as an assignee of the rights of defendant's insureds who are covered by ERISA plans.

DISCUSSION

The motions before the court involve the issue of whether the case was properly removed to this court on the basis of ERISA preemption.  As the removing party, the defendant has the burden of establishing federal jurisdiction.  *Englehardt v. Paul Revere Life Ins. Co.*, 951 F.Supp. 1003, 1006 (M.D. Ala. 1996).  The removal statute is strictly construed against removal jurisdiction; thus, all doubts regarding removal jurisdiction must be resolved in favor of remand.  *Id.* (citations omitted).

Section 514(a) of ERISA preempts "any and all state laws insofar as they may now or hereafter relate to any employee benefit plan" covered by the statute.  29 U.S.C. § 1144(a). The phrase "relate to" is undefined by the statute, and the Supreme Court has stated that the phrase is to be given its "broad common-sense meaning, such that a state law 'relate[s] to' a benefit plan 'in the normal sense of the phrase, if it has a connection with or reference to such a plan.'" *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 740 (1985)(quoting

*Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 97 (1983)).  Thus, it has largely been left to the courts to interpret the "relate to" language of the ERISA statute.

In the Eleventh Circuit, a state law cause of action "relates to" an employee benefit plan if the "conduct giving rise to such claim was not 'wholly remote in content' from the benefit plan."  *Farlow v. Union Central Life Ins. Co.*, 874 F.2d 791, 794 (11th Cir. 1989)(quoting *Clark v. Coats & Clark, Inc.*, 865 F.2d 1237, 1243 (11th Cir. 1987)).  A claim relates to a plan only if "the facts relating to the employee's failure to receive benefits are relevant to the state law claim."  *Farlow*, 874 F.2d at 794.  However, the U.S. Supreme Court has recognized that ERISA will not preempt a non-ERISA entity's common law claims, including tort claims, against an ERISA entity even though they affect and involve ERISA plans and their trustees.  *See Mackey v. Lanier Collection Agency & Service, Inc.*, 486 U.S. 825, 832-33 (1988).

## I.  Plaintiff's State Law Claims Involving ERISA Plan Participants

SMD seeks damages as a third party provider for medical equipment provided to five patients.  Three of the five patients, Jenny Brown, Billy Ray Chandler, and Ray H. Jenkins, participated in employee benefit plans governed by ERISA.  Blue Cross argues that SMD's state law claims with regard to the equipment provided to Brown, Chandler, and Jenkins, are preempted.  Because the state law claims are based upon the failure of a covered plan to pay benefits, Blue Cross contends that the state law claims have a nexus with an ERISA plan and its benefits system.

Blue Cross cites the court to *Variety Children's Hospital, Inc., v. Century Medical Health Plan, Inc.*, 57 F.3d 1040 (11th Cir. 1995) for the proposition that "state law tort claims by third party health care providers (whether assignees or not) are preempted under ERISA if

they are based upon a failure of a covered plan to pay benefits." (Defendant's brief in Opposition to Motion to Remand at p. 3). In *Variety*, the plaintiff hospital performed a bone marrow transplant on a leukemia patient. *Variety*, 57 F.3d at 1042. The defendant insurance company then determined that the bone marrow transplant was "experimental" and not covered by the policy. *Id.* Despite this determination, the hospital continued the treatment. *Id.*

After the patient died, the insurance company denied coverage and the hospital sued the insurance company for fraud, misrepresentation and unfair claim settlement practices in violation of Florida state law. *Id.* The Eleventh Circuit explained that the hospital's fraud and misrepresentation claims were preempted:

> We agree with the Fifth Circuit's analysis in *Hermann Hosp. v. MEBA Medical and Benefits Plan*, 959 F.2d 569, 578 (5th Cir. 1992), that where state law claims of fraud and misrepresentation are based upon the failure of a covered plan to pay benefits, the state law claims have a nexus with the ERISA plan and its benefits system. Therefore, Counts II and III were correctly dismissed as preempted. (emphasis added).

*Id.* According to the *Variety* opinion, the insurer never specifically represented to the hospital that the insured's treatment would be covered under the plan. Thus, *Variety* involved a claim by a hospital that an insurer wrongly denied coverage under an ERISA plan *after* the hospital provided treatment to an insured. These facts differ from the present case where a third party provider claims that an insurer wrongly denied coverage after allegedly representing to the third party provider that coverage would be forthcoming.

Plaintiff argues that *Lordmann Enterprises, Inc. v. Equicor, Inc.*, 32 F.3d 1529 (11th Cir. 1994) governs the facts of this case and suggests that this action should be remanded to state court. In *Lordmann*, the plaintiff home health care provider sued the defendant insurer to recover charges for nursing care provided to an insured. *Lordmann*, 32 F.3d at 1530. The

5

home care provider continued to provide services to the insured on the basis of the insurer's assurances that they would reimburse the home care provider for such services. *Id.* at 1530-31. However, the insurer ultimately refused to reimburse the home care provider for most of the care provided to the insured. *Id.* at 1531.

In *Lordmann*, the Eleventh Circuit concluded that ERISA does not preempt a health care provider's negligent misrepresentation claim against an insurer under an ERISA plan. *Id.* at 1534. Observing that, "both the Fifth and Tenth Circuits have found that state law claims brought by health care providers against plan insurers too tenuously affect ERISA plans to be preempted by the Act[,]" the Eleventh Circuit concluded that the home care provider's negligent misrepresentation claim was not preempted. *Lordmann* at 1533-34.(citations omitted.)

In *Lordmann*, the Eleventh Circuit followed the reasoning of the Fifth Circuit in *Memorial Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236 (5th Cir. 1990) in concluding that ERISA did not preempt the plaintiff's negligent misrepresentation claim. *Lordmann*, 32 F.3d at 1533. The *Lordmann* opinion cites two reasons in support of this result. First, Congress enacted ERISA to protect the interests of employees and beneficiaries covered by benefit plans, and preemption of an action for misrepresentation by a third party health care provider would defeat rather than promote this goal. *Id.*(citations omitted.) Second, health care providers were parties beyond ERISA's scope and a health care provider's claim against a provider of insurance under the plan affects the relationship between the principal ERISA entities at best only indirectly. *Id.* (citations omitted.)

On the surface *Variety* and *Lordmann* contain very similar factual scenarios which produced conflicting legal results on the question of ERISA preemption. However, the

Eleventh Circuit distinguishes the facts of *Variety* from those in *Lordmann* in a footnote:

> This is not the case where an insurer represents to the health care
> provider that a specific treatment is *fully* covered under the policy
> and only after lengthy and expensive treatment informs the
> provider that the policy contains a significant limitation on that
> coverage.  In such a case, the claim for promissory estoppel
> would be unrelated to the benefits under the plan and would
> survive the defense of preemption.  *See Lordmann Enterprises,*
> *Inc., v. Equicor, Inc.*, 32 F.3d 1529 (11th Cir. 1994).

*Variety*, 57 F.3d at 1043 n.5.

This footnote suggests that claims are not preempted where an insurer represents to the

health care provider that a specific treatment is fully covered under the policy and only after

treatment is provided informs the provider that the policy limits that coverage.  According to

SMD, this is the exact scenario that occurred in the present case.  SMD claims that Blue Cross

specifically represented that the insureds would be covered for installation of the lymphedema

pumps, (*See* Pl.'s Br. in Supp. At 4; Compl. ¶ 12.), but denied coverage after the pumps were

used to treat the insured.

The facts in this case are distinguishable from the facts in *Variety*.  Here, SMD does

not bring suit in its capacity as an assignee of the insureds' rights under their insurance plans.

Rather, SMD brings suit in its capacity as a third party health care provider to recover

damages for breach of contract and other torts allegedly committed by Blue Cross.[1]

---

[1] SMD alleges that a contract to provide medical equipment existed between the parties
to this lawsuit, and that Blue Cross had specifically verified to SMD before treatment that the
installation of a lymphedema pump was covered under the patients' contracts. (*See* Pl.'s Br. in
Supp. at 3-5; Compl. ¶ 9-17.)  Plaintiffs have produced no evidence to support these allegations.
Defendant refutes plaintiff's allegations with the Declaration of William Hansford, M.D., which
states that no contract existed between SMD and Blue Cross. (Decl. of William Hansford, M.D.
¶ 5.)  This creates a direct conflict in the evidence as to whether a contract existed between SMD
and Blue Cross.  However, defendants have failed to refute plaintiff's contention that Blue Cross
originally verified coverage for the installation of the lymphedema pumps, and this contention
distinguishes this case from those where ERISA preemption applies. (*See Variety*, 57 F.3d at

Furthermore, this case is distinguishable from *Variety* for the exact reason cited by the Eleventh Circuit in its footnote to the *Variety* opinion: Blue Cross allegedly represented to SMD that the installation of lymphedema pumps was covered under the patients' policies and, after the pumps were installed, refused to reimburse SMD for the lymphedema pumps. *See Variety*, 57 F.3d at 1043 n.5.

The holding *Variety* is therefore inapplicable to this case. Rather, the court follows the reasoning of the Eleventh Circuit in *Lordmann* and finds that SMD's state law claims against Blue Cross that pertain to representations made regarding coverage of pumps for the three insureds covered by ERISA plans are not preempted by ERISA. Thus, plaintiff's Motion to Remand as to the claims involving ERISA plan participants is due to be granted.

## II.  Plaintiff's State Law Claims Involving PEEHIP Plan Participants.

SMD also brings claims against Blue Cross for denying coverage to two patients, Orvada Culver and Inez Smith, who were participants in PEEHIP benefit plans. Defendant argues that plaintiff's claims as to the PEEHIP plan participants are due to be dismissed because plaintiff failed to bring suit in the Circuit Court of Montgomery County, Alabama, as directed by statute. *See* ALA. CODE § 16-25-A-7(e)(1975). Plaintiff argues that their claims involving the individuals covered by PEEHIP are not preempted because these claims are in no way related to an ERISA plan. Therefore, plaintiff alleges that these claims are due to be remanded. (*See* Pl.'s Br. in Supp. at 12.)

Defendant has not shown that plaintiff's claims involving PEEHIP beneficiaries were properly removed to this court. The court finds that there is no basis for ERISA preemption because plaintiff's state law claims involving Orvada Culver and Inez Smith do not "relate to"

---

1043 n.5.)

8

an ERISA plan.  Therefore plaintiff's claims as to the insureds covered by PEEHIP rather than ERISA are due to be remanded to state court.  Defendant may raise its venue argument in state court.

## CONCLUSION

The court finds that defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment and Motion to Strike Jury Demand is due to be denied, while plaintiff's Motion to Remand is due to be granted.  Plaintiff's state law claims are not preempted by ERISA.  Therefore, the court finds that removal of this action was improper and this action is due to be remanded to the Circuit Court for Jefferson County, Alabama.  An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

DONE this __31st__ of March, 1999.

SHARON LOVELACE BLACKBURN
United States District Judge